UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY RIZZO, | |
| Plaintiff, | No. 26 C 3062 |
| v. | Judge Thomas M. Durkin |
| ORTHOMIDWEST, PLLC, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Dr. Anthony Rizzo ("Plaintiff") brings this discrimination, retaliation, and defamation action against his former employer, OrthoMidwest, PLLC ("Defendant"). Defendant moves to transfer this case to the Western Division of the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) and the forum selection clause in Plaintiff's employment agreement. R. 12. For the following reasons, that motion is granted in part and denied in part.

## Background

Plaintiff is a physician who resides in Algonquin, Illinois. R. 22-1 ¶ 6. Defendant is a multi-specialty orthopedics practice serving patients in Illinois. R. 12 at pp. 4–6 ("Ex. A") ¶ 3. Both Defendant and its OrthoIllinois Division have their principal place of business in Rockford. *Id.* ¶ 4. In January 2024, Defendant hired Plaintiff as a part-time physician at OrthoIllinois Division's Injury Express locations in Algonquin and Elgin. R. 12 at pp. 7–61 ("Ex. 1"), ¶ 4; *see also* R. 53 ¶ 15. Six months

1

later, Plaintiff began working in a full-time capacity at the Injury Express locations in Algonquin, Elgin, and occasionally Rockford. Ex. A ¶ 7; R. 2-1 ¶ 4; R. 53 ¶ 16.

As alleged, after Plaintiff complained about workplace harassment by another physician and took job-protected absences for his disability and to care for his immediate family members, Defendant disclosed Plaintiff's disability to employees and a patient, denied his request for a modified work schedule, reduced his pay by assigning multiple providers to his shifts, and then fired him without cause in January 2026. *See* R. 53 ¶¶ 17–35, 38. Additionally, at a January 13, 2026 Executive Committee meeting regarding Plaintiff's employment and at the January 23, 2026 termination meeting, the CEO stated that Plaintiff had prescribed narcotics in high amounts and dosages in violation of Defendant's policy. *Id.* ¶¶ 36–40. After firing Plaintiff, Defendant sought to impose non-compete terms that were inapplicable under Plaintiff's employment agreement, withheld information he requested to start his own practice and mitigate damages, prohibited him from working at its clinics during the 120-day notice period that applied to terminations, and improperly disclosed his termination. *Id.* ¶¶ 41–42, 50–56.

On March 18, 2026, Plaintiff brought this action against Defendant, initially asserting claims for retaliation and interference under the Family and Medical Leave Act, disability discrimination and discrimination and retaliation based on family responsibilities under the Illinois Human Rights Act, breach of contract, and violation of the Illinois Personnel Record Review Act. *See generally* R. 2.

Plaintiff filed this suit in the Eastern Division of the Northern District of Illinois ("Eastern Division"). The Eastern Division's courthouse is in Chicago, Illinois and serves the counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, and Will. On April 24, 2026, Defendant moved to transfer this action to the Western Division of the Northern District of Illinois ("Western Division") pursuant to 28 U.S.C. § 1404(a) and the forum selection clause in Plaintiff's employment agreement ("Agreement"). R. 12. The Western Division's courthouse is in Rockford, Illinois and serves the counties of Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

Before filing his response to the motion to transfer, Plaintiff amended his complaint, dropping his breach of contract claim. R. 21. Plaintiff then stated in his surreply that he intended to file a second amended complaint adding claims for defamation *per se* and failure to accommodate under the Illinois Human Rights Act. R. 33 at 4. Plaintiff filed his second amended complaint after Defendant filed its sur-surreply. R. 35. Thereafter, the Court granted leave for Plaintiff to file a third amended complaint after he received a right to sue notice from the Equal Employment Opportunity Commission. R. 44. Plaintiff filed the third amended complaint on July 23, 2026, expanding the defamation *per se* allegations and adding claims for failure to accommodate and retaliation under the Americans with Disabilities Act. R. 53. The Court considers the present motion in view of the third amended complaint.

**Legal Standard**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Transfer is appropriate if (1) venue is proper in both the transferor and transferee courts; (2) the transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. *Id.* The latter two considerations are often referred to as the private interest factors and the public interest factors, respectively. The statute does not demand adherence to a "narrow or rigid set of considerations" but instead allows for "a flexible and individualized analysis." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citation omitted). The movant bears the burden of establishing that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

However, the presence of a forum selection clause changes the analysis in three ways, two of which are relevant here. *Atlantic Marine Const. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 63–64 (2013). First, the Court gives no weight to the plaintiff's choice of forum. *Id.* at 63. Instead, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the private interest factors are deemed "to weigh entirely in favor of the preselected forum," and the Court "may consider arguments about public-interest factors only." *Id.* at 64. Because the public interest factors "will rarely defeat a transfer to the contractually chosen forum, the practical result is that forum-

4

selection clauses should control except in unusual cases." *Id.* at 64; *see also In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020).

In ruling on a motion to transfer, the Court may consider the well-pleaded facts in the complaint and affidavits and other evidence offered by the parties. *Fransen v. Union Pacific R.R. Co.*, No. 25-cv-12433, 2026 WL 1954451, at *1 n. 1 (N.D. Ill. July 6, 2026) (citation omitted).

## Discussion

The Court first addresses whether transfer is appropriate under a traditional section 1404(a) analysis and then considers the effect of the forum selection clause.

### I.  Section 1404(a) Analysis

In this case, the parties agree that venue is proper in both Divisions but dispute whether transfer to the Western Division is for the convenience of the parties and witnesses and in the interest of justice.

In evaluating the convenience of the parties and witnesses, courts weigh: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Menezes v. United Airlines, Inc.,* No. 25 CV 08478, 2026 WL 396320, at *2 (N.D. Ill. Feb. 12, 2026).

Here, the parties both reside in the Western Division. Nonetheless, Plaintiff's choice of the Eastern Division is entitled to some deference, particularly because most of the relevant events occurred at the Elgin clinic. Further, there are no non-party witnesses, and Defendant's claim of inconvenience based on seven party witnesses who are located in the Western Division is overstated. More specifically, testimony

5

from five of the physicians who attended the Executive Committee meeting is likely unnecessary, as they are expected to offer the same testimony as each other and as two physicians who live in the Eastern Division. Similarly, Defendant's claim that trying this case in the Eastern Division would impose significant cost because the seven physician witnesses would need to change their schedules to testify lacks support and is unpersuasive. It is highly unlikely that all, or even most, of these witnesses will testify, and schedule changes would seemingly be required regardless of where the trial takes place. Thus, the private interest factors do not strongly favor transfer.

In considering the interest of justice, courts generally look to (1) relative "docket congestion and likely speed to trial"; (2) "each court's relative familiarity with the relevant law"; (3) "the respective desirability of resolving controversies in each locale"; and (4) "the relationship of each community to the controversy." *Rsch. Automation*, 626 F.3d at 978. The two Divisions are indistinguishable in terms of the speed of litigation and familiarity with the relevant law. Further, both Divisions have local connections to this suit. While the parties reside and OrthoIllinois is a large employer in the Western Division, the key events occurred in the Eastern Division. Therefore, the public interest factors do not favor transfer.

In view of the above, Defendant does not carry its burden of establishing that the Western Division is clearly more convenient. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

6

II.     Forum Selection Clause

Defendant also argues that the forum selection clause in the Agreement requires transfer to the Western Division. The Agreement states:

> Each party irrevocably: (1) agrees that any suit, action or other legal proceeding arising out of this Agreement shall be brought exclusively in the federal or state courts located in the County of the State of Illinois in which OrthoIllinois Division maintains its primary office; (2) consents to the jurisdiction of each such court in any such action or proceeding; and (3) waives any objection which such party may have to the laying of venue of any such suit, action or proceeding in any such courts.

R. 2-1 at ¶ 15(d). Plaintiff does not contest the validity of that clause, but instead argues that it does not apply because this action does not arise out of the Agreement.[1]

The parties agree that Illinois law governs the interpretation of the forum selection clause. *See Jackson v. Payday Fin., LLC*, 764 F.3d 765, 775 (7th Cir. 2014); *Abbott Lab'ys v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007). But they disagree on what test the Court should use to determine whether the suit "arises out of" the Agreement. Defendant directs the Court to *Omron Healthcare, Inc. v. MacLaren Exports Ltd.*, 28 F.3d 600, 603 (7th Cir. 1994), wherein the Seventh Circuit construed "arising out of" in a forum selection clause to broadly include disputes whose resolution depends on the construction of the agreement. Plaintiff directs the Court to *Eckhardt v. Idea Factory, LLC*, 2021 IL App (1st) 210813, ¶ 25, wherein an

---

[1] Plaintiff's argument that Defendant waived arguments in connection with the forum selection clause lacks merit. Defendant argued from its opening brief that this suit arises out of the Agreement such that the forum selection clause applies and requires transfer to the Western Division. What Plaintiff characterizes as brand new is instead Defendant's elaboration on its initial argument and attributable to Plaintiff materially amending his complaint in the course of the briefing on the motion to transfer. Moreover, Plaintiff had the opportunity to respond through a surreply.

7

Illinois appellate court found the *Omron Healthcare* approach "problematic" and held that the "best" approach to determining whether claims arise under an agreement is assessing whether the claims involve the same operative facts as a parallel breach of contract claim. *See also Wang v. Guo*, 2024 IL App (1st) 221245-U, ¶ 41.

It is not clear that *Omron Healthcare* involved an application of Illinois law. Indeed, in *IAC/InterActive Corp. v. Roston*, 44 F.4th 635, 640–41 (7th Cir. 2022), the Seventh Circuit used the *Omron Healthcare* test when applying federal law to determine whether claims fell within the scope of a forum selection clause. Yet even under *Eckhardt*'s "best" approach, one of the claims arises out of the Agreement. Plaintiff alleges that his termination without cause was subject to a 120-day notice period under the Agreement, and that Defendant continued retaliating against him by prohibiting him from working at its clinics during that time. R. 35 ¶¶ 37–38; *see also* R. 22 at 13. The allegation that Defendant refused to honor the 120-day notice period in the Agreement supports a claim of breach of contract.

The parties do not address the proper course of action if one of the claims arises out of the Agreement and others do not. Some courts have held that such a circumstance requires transfer of the entire suit. *E.g.*, *Samirah v. Dist. Smiles, PLLC*, No. 20-CV-03076 (APM), 2021 WL 918082, at *3 (D.D.C. Mar. 10, 2021) (holding in employment discrimination suit that section 1404(a) required transfer of the entire action where one of the claims arose under the contract). As such, the Court will

require supplemental briefing on this issue. In lieu of supplemental briefing, Plaintiff may amend his complaint or consent to transfer to the Western Division.[2]

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part the motion to transfer. The Court finds that the forum selection clause applies to one of the claims in this suit and requires supplemental briefing on whether that requires transfer of the entire action. The parties are to jointly submit a proposed briefing schedule to the Courtroom Deputy by August 3, 2026. In lieu of supplemental briefing, Plaintiff may amend his complaint or consent to transfer to the Western Division.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: July 28, 2026

---

[2] Defendant, in its reply brief, notes an anticipated dispute regarding Plaintiff's payment of a deficit in connection with compensation he was advanced. Defendant says Plaintiff's failure to pay would constitute a breach and would therefore require Defendant to sue Plaintiff in the Western Division pursuant to the forum selection clause. That hypothetical suit does not warrant transfer of the present matter.